IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID J. WHITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| vs. | ) |
| | ) |
| ST. LOUIS COUNTY, MISSOURI , | ) |
| | ) **Case No:** |
| CRAIG HIGGINBOTHAM, Sergeant, | ) |
| In his individual capacity, | ) |
| | ) |
| PATROL OFFICER (FNU) MCCOY | ) |
| In his individual capacity, | ) |
| | ) |
| PATROL OFFICER (FNU) SLUSSER, | ) |
| In his individual capacity, | ) |
| | ) |
| and | ) |
| | ) |
| PATROL OFFICER (FNU) ANDERSON, | ) |
| In his individual capacity, | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

Comes now Plaintiff, David J. Whitt, for his cause of action against St. Louis County, Missouri, Sergeant Craig Higginbotham, Patrol Officer (FNU) McCoy, Patrol Officer (FNU) Slusser, and Patrol Officer (FNU) Anderson, and states:

## **PRELIMINARY STATEMENT**

1. Plaintiff David J. Whitt is a member of CopWatch, a group of community members who are dedicated to monitoring and documenting police activity for the purpose of preventing police misconduct and brutality. Whitt, who is a resident of the Canfield Green Apartments, became involved with CopWatch after Michael Brown was killed by Officer Darren Wilson outside Whitt's home and there was no video evidence of the incident. On the morning of November 24, 2014, Plaintiff David Whitt rode his bicycle from his home in Ferguson to the nearest supermarket, which was the Schnucks store at 8007 West Florissant Avenue, Jennings, Missouri. That morning, as was his custom, Mr. Whitt observed and recorded the police whenever he encountered them. He was approached by Defendants who detained him for recording them. Defendants were upset that Mr. Whitt was recording them and warned him "You come to our house [the Schnucks parking lot], you're going to get a ticket every time." Defendants argued with one another over what offense they might be able to cite him for and eventually agreed to cite him for a non-existent offense. During the stop, Defendants searched Mr. Whitt without probable cause. Upon realizing that the offense for which they intended to cite him did not exist, Defendants cited him for another charge—illegal parking—which was not supported by probable cause. The parking charge was later dismissed.

2. This is a civil action for violation of Mr. Whitt's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983 and state law claims for malicious prosecution, abuse of process, and conspiracy to violate civil rights.

## **PARTIES AND JURISDICTION**

3. Plaintiff David J. Whitt ("Plaintiff" or "Whitt") is and was at all relevant times a citizen and resident of St. Louis County, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

4. Whitt is black, and during all relevant events, was a thirty-five (35) year old man who appeared his age.

5. The St. Louis County Police Department is in St. Louis County, Missouri, in the Eastern Division of the Eastern District of Missouri.

6. Defendant St. Louis County, Missouri, is a body politic and corporate organized and existing pursuant to Missouri law.

7. Defendant Craig Higginbotham was, at all times material hereto, a sworn peace officer certified by the State of Missouri and was employed as a Sergeant by the St. Louis County Police Department. The actions of Defendant Higginbotham were done under color of law. The actions of Defendant Higginbotham were done jointly and in concert with other police officers, including Defendants Anderson, McCoy, and Slusser. Defendant Higginbotham is sued in his individual capacity.

8. Defendant (FNU) McCoy was, at all times material hereto, a sworn peace officer certified by the State of Missouri and was employed as a Patrol Officer by the St. Louis County Police Department. The actions of Defendant McCoy were done under color of law. The actions of Defendant McCoy were done jointly and in concert with other police officers, including Defendants Higginbotham, Anderson, and Slusser. Defendant McCoy is sued in his individual capacity.

9. Defendant (FNU) Slusser was, at all times material hereto, a sworn peace officer certified

      by the State of Missouri and was employed as a Patrol Officer by the St. Louis County Police Department.  The actions of Defendant Slusser were done under color of law.  The actions of Defendant Slusser were done jointly and in concert with other police officers, including Defendants Higginbotham, McCoy, and Anderson.  Defendant Slusser is sued in his individual capacity.

10. Defendant (FNU) Anderson was, at all times material hereto, a sworn peace officer certified by the State of Missouri and was employed as a Patrol Officer by the St. Louis County Police Department.  The actions of Defendant Anderson were done under color of law.  The actions of Defendant Anderson were done jointly and in concert with other police officers, including Defendants Higginbotham, McCoy, and Slusser.  Defendant Anderson is sued in his individual capacity.

## JURISDICTION AND VENUE

11. This cause is brought pursuant to 42 U.S.C. §1983 with related state-law claims.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C.§ 1367. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), since the Defendants are located, and all of the incidents giving rise to this suit, occurred in this judicial district.

## FACTS

12. On the morning of November 24, 2014, Plaintiff David Whitt rode his bicycle from his home in Ferguson to the nearest supermarket, which was the Schnucks store at 8007 West Florissant Avenue, Jennings, Missouri.

13. As is his habit, Whitt carried a camera with him because he is a member of the group CopWatch.

14. Whitt was wearing a hat that covered his ears, but his face was visible.  Below is a photo of what Whitt looked like that day:



15. Whitt arrived at the Schnucks parking lot just before 9:00 am and biked up the driveway towards the store.  Officers from the St. Louis County Police Department immediately approached Whitt and asked him his purpose.  Whitt indicated that he was "headed to the store" and asked if he was being detained because he wanted to continue on his way.  Defendant Anderson initially stated that Whitt was not being detained, and Defendant McCoy continued to question Whitt.

16. Whitt again indicated he wanted to continue on his way, asking "am I free to go or am I being detained?"  Defendant Anderson threatened Whitt with arrest if he refused to answer Defendant McCoy's questions: "You're going to be if you don't answer his questions."

17. At that moment, McCoy and Anderson decided to arrest or cite Whitt, but they could not agree on what to charge him with.  McCoy wanted to charge Whitt with a parking violation while Anderson wanted to charge Whitt for not wearing a bicycle helmet.

18. There is no state or federal law, or city or county ordinance, or any other law that prohibits an adult from riding a bicycle without a helmet in that area.  Whitt was an adult, age 35 at the time and appeared to be an adult.

19. Throughout the entire encounter, Defendants continued to argue over what charge they could "get" Whitt on.

20. Defendants eventually agreed to cite Whitt for not wearing a helmet.  Whitt politely and calmly said "ok."  McCoy then stated that he wanted to pat Whitt down for weapons.  Whitt complied, but as McCoy did the "pat down," he went beyond a "Terry frisk" and began to search Whitt's pockets.  Whitt immediately objected to the search, stating "I do not consent to you going in my pockets."

21. At the time McCoy searched Whitt's pockets, Whitt was not under arrest, no warrant had been issued authorizing a search of Whitt's person, and there was no probable to search Whitt.

22. After McCoy finished searching Whitt, Whitt provided his ID.  Offers Slusser, Anderson, and McCoy then realized that they were being recorded and became very concerned that they had just conducted an illegal search, with Defendants stating "we're recorded."

23. Defendants told Whitt they understood Whitt was recording them, and "you come to our house [the Schnucks parking lot] "you're going to get a ticket every time."

24. Whitt was eventually issued a summons and charged with a parking violation.

25. Whitt was not violating any state or federal law, or city or county ordinance, or any other law concerning any parking regulations before or during the encounter.  He had not parked his bicycle in a way that would obstruct vehicular or pedestrian traffic.

## COUNT I

### UNLAWFUL SEARCH IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS ANDERSON, HIGGINBOTHAM, MCCOY, AND SLUSSER

For his cause of action in Count I, Plaintiff Whitt states:

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. The conduct of Defendants, who were acting alone, and together and in concert, in searching Plaintiff was unreasonable.  The actions of Defendants and each of them, therefore, violated Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

28. The search of Plaintiff was unconstitutional for the following reasons:

    a. Defendants went beyond a frisk or pat-down of Whitt's clothing, and Defendant McCoy put his hands in Whitt's pockets, and/or

    b. Whitt was not under arrest when Defendants searched him, and the search was not incident to arrest, and/or

    c. No warrant had been issued permitting a search of Whitt's pockets or his person, and/or,

    d. Defendants lacked probable cause to search Whitt, and/or

    e. The actions of one or all Defendant officers was purposefully, racially

>    discriminatory, and/or,
>
>    f. The actions of one or all Defendant officers was retaliatory for Plaintiff's exercise of constitutional rights.

29. Defendants Slusser, Anderson, and Higginbotham each failed to intervene to prevent the unlawful search of Plaintiff by McCoy when each of them had a realistic opportunity to do so.

30. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered injuries and damages, including but not limited to: great fear for his safety; pain of the mind; fear, apprehension, depression and consternation; and lost time.

31. The acts of Defendant McCoy were intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendant McCoy.

32. The acts of Defendants Slusser, Higginbotham, and Anderson were intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against them.

33. If Plaintiff prevails, he is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual, consequential, incidental, and compensatory damages in an amount that is fair and reasonable, for punitive damages, for attorney's fees and the costs of litigation, and for such additional relief as the Court deems just and proper.

## COUNT II

### RETALIATORY CITATION AND PROSECUTION FOR ENGAGING IN PROTECTED FIRST AMENDMENT ACTIVITY IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENT TO UNITED STATES

## CONSTITUTION -- COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS ANDERSON, HIGGINBOTHAM, MCCOY, AND SLUSSER

For his cause of action in Count II, Plaintiff Whitt states:

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Plaintiff was engaged in lawful First Amendment Activities when he observed and recorded Defendants performing their public duties in public.

36. Defendants cited and charged Whitt with a parking violation in retaliation for exercising those rights.

37. Defendants were motivated to cite, charge and prosecute Whitt by Whitt's actions to observe and record them.

38. Defendants lacked probable cause or arguable probable cause to cite, charge or prosecute Whitt for a parking violation and the intended effect of doing so was to chill Whitt's speech.

39. Citing, charging or prosecuting a person would chill a person of ordinary firmness from continuing to observe and record police activity.

40. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered injuries and damages, including but not limited to: being punished for exercising his First Amendment rights, pain of the mind; fear, apprehension, depression and consternation; and lost time.

41. Defendants' acts were intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against them.

42. If Plaintiff prevails, he is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual, consequential, incidental, and compensatory damages in an amount that is fair and reasonable, for punitive damages, for attorney's fees and the costs of litigation, and for such additional relief as the Court deems just and proper.

### COUNT III

### FIRST AMENDMENT RETALIATION IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT ST. LOUIS COUNTY, MISSOURI

For his cause of action in Count III against St. Louis County, Missouri, Plaintiff Whitt states:

43. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 42 as though fully set forth herein.

44. The St. Louis County Police Department is an arm of Defendant St. Louis County, Missouri. The law enforcement officers of the St. Louis County Police Department are employees of Defendant St. Louis County, Missouri.

45. Defendant St. Louis County, Missouri caused the constitutional violation suffered by Mr. Whitt.

46. Defendant St. Louis County, Missouri has and had an express policy or a custom and usage that was so pervasive that it constituted the policy of the St. Louis County Police Department to cite, arrest, and charge individuals engaged in protected First Amendment activity documenting police activity when there was no probable cause and for the

purpose of attempting to chill or intimidate individuals from continuing the activity.

47. Having made an arrest or issue a citation without probable cause, it is the policy or custom and usage of Defendant, acting through its agents to create a record – charges, police reports, public statements and testimony – that purports to legally support the arrest or citation regardless of the truth.

48. In furtherance of the policy or custom and usage to unlawfully arrest, cite, charge and prosecute arrestees, Defendant routinely charges violation of St. Louis County ordinance, rather than state law, and files such charges in the municipal court of St. Louis County.

49. The policy or custom and usage is perpetuated by the actions of the executive branch of county government.

50. Alternatively, Defendant is and has been aware of the constitutionally violative arrest practices of its officers and is and has been deliberately indifferent to the rights of individuals who encounter St. Louis County police officers, in the failure to train and supervise its law enforcement officers about engaging in retaliation against individuals exercising their First Amendment rights, and when violations occur, discipline the officers.

51. The policy or custom and usage or deliberate indifference has been pervasive over time but has been most prominently evident after the death of Michael Brown because of increased scrutiny of police behavior and police misconduct.

52. For example, St. Louis County recently filed charges against at least three journalists who were covering the protests following the death of Michael Brown and there were at least two others who were arrested and either charged or threatened with being charged after being arrested while working as journalists.

53. Similar to the journalists who were charged, two Legal Observers were recently charged with Interfering with a Police Officer in St. Louis County Municipal Court for observing and documenting police conduct last fall following the shooting of Michael Brown.

54. Mr. Whitt engaged in protected activity when he observed and documented police activity.

55. Defendant took an adverse action against him by citing, charging and prosecuting him.

56. Citing, charging or prosecuting is an action that would chill a person of ordinary firmness from continuing in an activity.

57. Defendant's act to cite, charge and prosecute Mr. Whitt was motivated because he was engaged in observing and documenting police activity.

58. Defendant does not cite or arrest other individuals who are not engaged in First Amendment activity for simply standing in, walking across, or riding bicycles in parking lots.

59. Defendant lacked probable cause and arguable probable cause to arrest Mr. Whitt.

60. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered injuries and damages, including but not limited to: being punished for exercising his First Amendment rights, pain of the mind; fear, apprehension, depression and consternation; and lost time.

61. If Plaintiff Whitt prevails, he is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff David Whitt prays for judgment against Defendant St. Louis County, Missouri in an amount that is fair and reasonable, for attorney fees and costs and for such further relief as is just in the premises.

## COUNT IV

### *RESPONDEAT SUPERIOR* LIABILITY OF DEFENDANT ST. LOUIS COUNTY, MISSOURI

For his cause of action in Count IV against St. Louis County, Missouri, Plaintiff Whitt states:

62. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 61 as though fully set forth herein.

63. Defendant St. Louis County, Missouri is directly liable for the constitutional violations that Plaintiff Whitt suffered as the St. Louis County, Missouri, Missouri hired and retained the officers who searched, cited, charged and prosecuted Mr. Whitt and who, acting within the course and scope of their employment, power and authority, violated the constitutional rights of Mr. Whitt under the First, Fourth and Fourteenth Amendment to the United States Constitution.

64. Plaintiff acknowledges that *respondeat superior* liability is not a basis for liability of Defendant St. Louis County, Missouri, under existing law.  Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 117 S. Ct. 1382 (1997), the dissenting opinion of Justice Stevens in *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), and based upon the literature addressing this issue.

65. As a direct and proximate result and cause of the conduct of the employees, agents and servants of Defendant St. Louis County, Missouri, acting within the course and scope their employment, Plaintiff suffered injuries and damages.

66. If Plaintiff prevails, he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendant St. Louis County, Missouri, for compensatory damages, and for attorneys' fees and the costs of this litigation, and for other relief as is appropriate under the law.

## COUNT V

### MALICIOUS PROSECUTION (MISSOURI LAW)
### AGAINST DEFENDANTS MCCOY AND ST. LOUIS COUNTY, MISSOURI

For his cause of action in Count V against Defendants McCoy and St. Louis County, Missouri, Plaintiff Whitt states:

67. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 66 as though fully set forth herein.

68. Defendant McCoy issued a citation to Whitt for illegal parking to initiate a municipal court proceeding against Whitt.

69. Defendant St. Louis County, Missouri initiated a municipal court proceeding against Whitt for illegal parking in violation of St. Louis County ordinance §1210.090.

70. The prosecution of Whitt's parking ticket was terminated in Whitt's favor when it was dismissed on February 4, 2015.

71. Defendants lacked probable cause for filing the suit because:

    a. Whitt had not parked his bicycle on a highway, roadway, or sidewalk, and

    b. Whitt had not obstructed vehicular or pedestrian traffic.

72. Defendants intentionally initiated the prosecution without an honest belief it was lawful and did so to retaliate against him for recording them and/or for expressing opposition to police misconduct and brutality.

73. Defendants did not bring the municipal prosecution for the purpose of bringing Whitt to justice, but rather to punish him for recording them, "com[ing] to [their] house," and/or expression of opposition to police misconduct and brutality.

74. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered injuries and damages, including but not limited to: pain of the mind; fear, apprehension, depression and consternation; and lost time.

75. Defendants' acts were intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against them.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual, consequential, incidental, and compensatory damages in an amount that is fair and reasonable, for punitive damages, for attorney's fees and the costs of litigation, and for such additional relief as the Court deems just and proper.

## COUNT VI

### ABUSE OF PROCESS (MISSOURI LAW)
### AGAINST DEFENDANTS MCCOY AND ANDERSON

For his cause of action in Count VI against Defendants McCoy and St. Louis County, Missouri, Plaintiff Whitt states:

76. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 75 as though fully set forth herein.

77. Defendants Anderson and McCoy made an improper, illegal, perverted use of the municipal court process that was not warranted or authorized by the municipal prosecution system when they decided to cite and issue a citation to Whitt in order to

punish him for recording them.

78. Defendants had an illegal purpose in using process against Whitt, specifically to retaliate against him for exercising his constitutional rights.

79. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered injuries and damages, including but not limited to: pain of the mind; fear, apprehension, depression and consternation; and lost time.

80. Defendants' acts were intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against them.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual, consequential, incidental, and compensatory damages in an amount that is fair and reasonable, for punitive damages, for attorney's fees and the costs of litigation, and for such additional relief as the Court deems just and proper.

## COUNT VII

### CONSPIRACY TO VIOLATE CIVIL RIGHTS (MISSOURI LAW) AGAINST DEFENDANTS ANDERSON, HIGGINBOTHAM, MCCOY, AND SLUSSER

For his cause of action in Count VII against Defendants Anderson, Higginbotham, McCoy, and Slusser, Plaintiff Whitt states:

81. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 82 as though fully set forth herein.

82. Defendants Anderson, Higginbotham, McCoy, and Slusser agreed that they should issue a citation to Whitt for the purpose of punishing him for exercising his constitutional rights to record them and/or express opposition to police misconduct and brutality.

83. In furtherance of the conspiracy, Defendant's informed Whitt they would cite him for a helmet violation and demanded his identification.

84. Also in furtherance of the conspiracy, upon learning that no law or ordinance required Whitt to wear a helmet, Defendant McCoy issued a citation to Whitt for illegal parking.

85. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered injuries and damages, including but not limited to: being punished for exercising his First Amendment rights, pain of the mind; fear, apprehension, depression and consternation; and lost time.

86. Defendants' acts were intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against them.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual, consequential, incidental, and compensatory damages in an amount that is fair and reasonable, for punitive damages, for attorney's fees and the costs of litigation, and for such additional relief as the Court deems just and proper.

Respectfully submitted
August 25, 2015

*/S/ Sarah K. Molina*
Sarah K. Molina, MO 60606

PROJECT FOR LAW ENFORCEMENT
ACCOUNTABILITY FOR JUSTICE
9300 Olive Blvd.
Saint Louis, Missouri 63132
(314) 329-0171
smolina@molinaimmigration.com
Attorney for Plaintiff