IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID J. WHITT, | ) |
| | ) |
| Plaintiff, | ) **JURY TRIAL DEMANDED** |
| | ) |
| v. | ) |
| | ) Case No: 4:15-cv-1317-CEJ |
| | ) |
| | ) |
| ST. LOUIS COUNTY, et.al.; | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS ST. LOUIS COUNTY, CRAIG HIGGINBOTHAM, BRIAN MCCOY, CHRIS SLUSSER, AND LENELL ANDERSON TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW Defendants St. Louis County, Craig Higginbotham, Brian McCoy, Chris Slusser and Lenell Anderson and, and for their answer to Plaintiff's First Amended Complaint deny everything not specifically admitted and in particular state as follows:

1. Paragraph 1 is not a short statement of alleged facts but rather is a combination of alleged facts and argument summarizing what plaintiff purports to be a cause of action. As to a primary issue in this lawsuit, defendants deny that there was no probable cause for the initial citation given to plaintiff which simply stated is that plaintiff went to the strip mall area which during the time of unrest was also a police command post area, but that in itself would not cause the police to get involved with him, but plaintiff, apparently intentionally, created a situation by stopping his bicycle exactly in the area where motor vehicles travel, blocking this area or otherwise making it difficult for vehicles to travel on or around the lane, and then when he was asked/ordered to move out of the way, he

1

simply would do so, and then when he was given a citation is was then learned that there has an active warrant for his arrest for disorderly conduct. It is telling that plaintiff in paragraph 1 and elsewhere refers to his act of placing his bicycle in the roadway as a "parking violation," and it is telling because this suggests that plaintiff wants what he did to be considered parking, even though it was not parked at curb away from moving traffic. To whatever extent paragraph 1 is deemed to be an allegation of fact then it is denied.

2. In answer to paragraph 2, defendants admit only that this is a civil action, and that plaintiff has attempted to allege a violation of the First, fourth and Fourteenth Amendments, and state claims but defendants deny that constitutional violations were committed and deny that common law torts were committed.

3. Defendants have no personal knowledge of plaintiff's residence and therefore deny paragraph 3 at this time.

4. In answer to paragraph 4 defendants remark that it is again telling that as early as paragraph 4 that plaintiff states that he is Black, apparently for no other reason than to make race an issue when it is not. In answer to paragraph 4 defendants admit that plaintiff was a 35 year old Black Man on November 24, 2014, but state further that one of the police officers that he is suing is also a Black Man and at least one of the officers is a part of a multi-racial family.

5. Defendants admit paragraph 5.

6. In answer to paragraph 6 Defendant St. Louis County states only that it is a Charter County of the State of Missouri and that it exists pursuant to Missouri law.

2

7. Paragraph 7 has multiple allegations. It is admitted that Craig Higginbotham is a sworn police officer, certified by the State of Missouri and is a Sergeant of the St. Louis County Police Department. It is admitted that as a police officer his actions are under color of law. That his actions were done "jointly and in concert" with others is conclusory and also is vague and speculative as to what is meant and so that is denied at this time. The allegation that plaintiff wishes to sue Sgt. Higginbotham in his individual capacity is informational and does not need to be admitted or denied.

8. Paragraph 8 has multiple allegations. It is admitted that Brian McCoy is a sworn police officer, certified by the State of Missouri and is an officer of the St. Louis County Police Department. It is admitted that as a police officer his actions are under color of law. That his actions were done "jointly and in concert" with others is conclusory and also is vague and speculative as to what is meant and so that is denied at this time. The allegation that plaintiff wishes to sue Officer McCoy in his individual capacity is informational and does not need to be admitted or denied.

9. Paragraph 9 has multiple allegations. It is admitted that Chris Slusser is a sworn police officer, certified by the State of Missouri and is an officer of the St. Louis County Police Department. It is admitted that as a police officer his actions are under color of law. That his actions were done "jointly and in concert" with others is conclusory and also is vague and speculative as to what is meant and so that is denied at this time. The allegation that plaintiff wishes to sue Officer Slusser in his individual capacity is informational and does not need to be admitted or denied.

10. Paragraph 10 has multiple allegations. It is admitted that Lenell Anderson is a sworn police officer, certified by the State of Missouri and is an officer of the St. Louis County

Police Department. It is admitted that as a police officer his actions are under color of law. That his actions were done "jointly and in concert" with others is conclusory and also is vague and speculative as to what is meant and so that is denied at this time. The allegation that plaintiff wishes to sue Officer Anderson in his individual capacity is informational and does not need to be admitted or denied.

11. Defendants admit that this Court has jurisdiction and supplemental jurisdiction and that venue is appropriate.

12. In answer to paragraph 12 Defendants admit on that on the morning of November 24, 2014 that plaintiff was at or near 8007 West Florissant Ave, Jennings, Missouri and that a bicycle that was apparently his was in a lane and that plaintiff was near the bicycle, but defendants have no knowledge of the other allegations and therefore deny same at this time.

13. These defendants do not know what plaintiff's habits are nor do they know what group or groups that he is a member of and therefore deny paragraph 13 at this time.

14. With regard to probable cause there does not seem to be any relevance that plaintiff was wearing a hat that covered his ears, nor is it unusual that someone's face "was visible," but it is unusual to have a photo of a plaintiff placed in a paragraph of a pleading. Defendants remark that this is again telling where just as in paragraph where plaintiff makes race an issue, plaintiff is doing so in paragraph 14, apparently to disguise the issue that will determine this case. Defendants move to strike paragraph 14 as argumentative.

15. In answer to paragraph 15 defendants admit that the event occurred about 9:00 a.m. Paragraph 15 then seems to suggest that plaintiff was moving on his bicycle and was then stopped by police officers which is false and is therefore denied. The remainder of

4

paragraph 15 is denied because plaintiff, who was stopped, was asked to move his bicycle out of the road.

16. Defendants deny paragraph 16.

17. Defendants deny paragraph 17

18. Paragraph 18 presents a negative and is argumentative and further suggests that plaintiff was pulled over by police for riding a bicycle without a helmet which is denied. Defendants state that the reason for plaintiff's encounter with the police is reflected in the uniform citation given to him which was that he had parked his bicycle upon a roadway and obstructed vehicle traffic even though he had been asked to move his bicycle out of the roadway, and then plaintiff was only arrested because it was discovered that there was a warrant for his arrest from another jurisdiction for disorderly conduct.

19. Defendants deny paragraph 19.

20. Defendants deny paragraph 20.

21. Defendants deny paragraph 21.

22. Defendants deny paragraph 22.

23. Defendants deny paragraph 23.

24. In answer to paragraph 24 defendants admit only that plaintiff received a Missouri Uniform Citation, the same the same Missouri Uniform Citation used for moving violations. Plaintiff characterizes the citation as "a parking violation," but that is denied. The Missouri Uniform Citation was for being parked in a roadway and obstructed vehicle traffic.

25. Defendants deny paragraph 25.

# COUNT I CLAIM UNDER 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS CLAIMING FOURTH AMENDMENT VIOLATION.

26. Defendants incorporate their responses to paragraphs 1 through 25 as though fully set out herein.

27. Defendants deny paragraph 27.

28. Defendants deny paragraph 28 including all of its subsections.

29. In answer to paragraph 29 all defendants deny that an unlawful search occurred.

30. Defendants deny paragraph 30

31. Defendants deny paragraph 31.

32. Defendants deny paragraph 32.

33. Defendants deny that plaintiff is entitled to prevail.

# COUNT II CLAIM UNDER 42 U.S.C. §1983 AGAINST INDIVIDUAL DEFENDANTS CLAIMING FIRST AMENDMENT VIOLATION.

34. Defendants incorporate by reference their responses to paragraphs 1 through 33 as though fully set out herein.

35. Defendants note that plaintiff in paragraph 35 contradicts his allegation in paragraph 15 that he "biked up the driveway toward the store" when officers "immediately approached him and asked his purpose," and he responded that he was "headed to the store," because now in paragraph 35 plaintiff is alleging that he was engaged in lawful First Amendment Activities when he observed and recorded Defendants performing their public duties in public." In answer to this contradictory allegation of plaintiff defendants state that they cannot say or concede that plaintiff was recording anything but these defendants have are aware of and have been trained on the First Amendment and support the Amendment but

deny any implication of paragraph 35 that defendants would not allow plaintiff to engage in lawful First Amendment activities.

36. Defendants deny paragraph 36 because plaintiff was not given a "parking" ticket and because the citation that he was given was not for exercising rights but rather was for obstructing vehicle traffic.

37. Defendants deny paragraph 37.

38. Defendants deny paragraph 38. Defendants further deny that plaintiff was given a "parking" ticket.

39. Paragraph 39 is merely a conclusory legal argument of plaintiff's attorneys and because it is framed as a legal argument it is denied.

40. Defendants deny paragraph 40.

41. Defendants deny paragraph 41.

42. Defendants deny that plaintiff is entitled to prevail.

**COUNT III AGAINST ST. LOUIS COUNTY UNDER 42 U.S.C. §1983**

**CLAIMING FIRST AND FOURTEENTH AMENDMENT VIOLATIONS**

43. Defendant St. Louis County incorporates its responses to paragraphs 1 through 42 as though fully set out herein.

44. In answer to paragraph 44, defendant St. Louis County admits that law enforcement officers of the St. Louis County Police Department are employees of St. Louis County. Calling the police department "an arm" is vague and speculative as to its meaning, and seems to be argumentative, and for that reason that portion of paragraph 44 is denied.

45. Defendants deny paragraph 45.

46. Defendants deny paragraph 46.

47. Defendants deny paragraph 47.

48. Paragraph 48 is argument and should be stricken. Essentially paragraph 48 argues that when people block vehicular traffic that they ought be charged with a state charge, (presumably plaintiff is alleging that that a state misdemeanor is more appropriate than an Ordinance violation, and because people are charged with Ordinance violations instead of state misdemeanors that it is an unconstitutional custom and usage. This argument of plaintiff is denied.

49. Defendants deny paragraph 49.

50. Defendants deny paragraph 50.

51. Defendants deny paragraph 51.

52. Defendants first note that plaintiff does not allege that he is a journalist, and further in answer to paragraph 52 defendants deny that St. Louis County police officers arrest people because they are journalists. Paragraph 52 is further denied because it seems to argue that where there is probable cause for a lawful arrest that the person should not be arrested if that person turns out to be a journalist.

53. Paragraph 53 is denied because it also seems to allege that where there was probable cause for a lawful arrest that the person should not be arrested if he calls himself a legal observer. For further answer paragraph 53 is denied because plaintiff is apparently referring to a case filed by the same attorneys involved in this cause of action where a plaintiff was present on Interstate 70 during a shutdown and remained on Interstate 70 even after numerous requests by the State Highway Patrol and other law enforcement to leave, but alleged that because he was wearing a green hat supplied by the National

Lawyers Guild that he should not have been arrested along with the others who were arrested.

54. Paragraph 54 seems to repeat an earlier allegation, but in answer to it defendants do not have knowledge that plaintiff "documented police activity" but if that is what he wished to do he would be permitted to do so, as others have done, if he simply goes on a sidewalk or some other area where he is not obstructing vehicular traffic.

55. Paragraph 55 is denied.

56. Paragraph 56 is a legal argument and is denied for that reason.

57. Paragraph 57 is denied.

58. Paragraph 58 is nothing but argument of counsel and is denied for that reason. To the extent that paragraph 58 could be considered to be a statement of fact defendants admit that they do not cite people for "simply standing in, walking across, or riding bicycles in parking lots" but there is probable cause to cite people who are obstructing vehicle traffic and then fail to move even after being told to do so repeatedly.

59. Defendants deny paragraph 59.

60. Defendants deny paragraph 60.

61. Defendants deny that plaintiff is entitled to prevail.

## COUNT IV CLAIM UNDER 42 U.S.C. § 1983 BASED ON RESPONDEAT SUPERIOR

62. Defendant incorporates by reference the allegations of paragraphs 1 through 61 as though fully set out herein.

63. Defendant denies paragraph 63.

64. In paragraph 64 plaintiff is admitting that plaintiff is not stating a claim for relief under 42 U. S. C. § 1983 under the doctrine of respondeat superior, but is making the claim

anyway because of a dissenting opinion in 1997 and in 1985. So in answer to paragraph 64 defendant admits that respondeat superior is not a basis for liability against a governmental agency.

**65.** Defendant denies paragraph 65.

**66.** Defendant denies paragraph 66.

## COUNT V MALICIOUS PROSECUTION AGAINST ST. LOUIS COUNTY AND BRIAN MCCOY

67. Defendants incorporate by reference their responses to paragraphs 1 through 66 as though fully set out herein.

68. Defendants deny paragraph 68. As explanation plaintiff was not issued a "parking" ticket. As further explanation it is denied that plaintiff was issued a Missouri Uniform citation "to initiate a municipal court proceeding against Whitt" but rather a Missouri Uniform citation was issued because there was probable cause that plaintiff had committed a municipal violation because he had placed his bicycle in a roadway and obstructed traffic and continued to do so after being asked to remove the bicycle from the roadway.

69. Paragraph 69 is denied. As explanation both plaintiff and plaintiff's attorneys are in possession of the Missouri Uniform Citation for states that the bicyclist parked upon roadway and obstructed traffic but they keep describing it as a parking violation rather than for obstructing vehicle traffic.

70. In answer to paragraph 70 defendant Brian McCoy has no knowledge what happened to the citation that was issued properly and with probable cause. Defendant St. Louis County admits that after communication with Sarah Molina an assistant county counselor

10

entered a nolle prosequi but defendant denies that this was done because of a lack of probable cause for the initial citation

71. Defendants deny paragraph 71.

72. Defendants deny paragraph 72

73. Defendants deny paragraph 73.

74. Defendants deny paragraph 74,

75. Defendants deny paragraph 75.

**COUNT VI CLAIM AGAINST MCCOY AND ANDERSON APPARENTLY UNDER STATE COMMON LAW**

76. Defendants incorporate their responses to paragraphs 1 through 75 as though fully set out herein.

77. Defendants deny paragraph 77.

78. Defendants deny paragraph 78.

79. Defendants deny paragraph 79.

80. Defendants deny paragraph 80.

**COUNT VII COMMON LAW CONSPIRACY AGAINST INDIVIDUAL DEFENDANTS**

81. Defendants incorporate their responses to paragraphs 1 through 80 as though fully set out herein.

82. Defendants deny paragraph 82.

83. In answer to paragraph 83 defendants deny that what is stated constitutes "in furtherance of the conspiracy. For further answer defendants deny that they informed plaintiff they would cite him for a helmet violation. With regard to asking for identification, it is not a

conspiracy once a person is to be lawfully arrested to ask that person for identification. It is admitted that in order to give a lawful citation to anyone that it is necessary to ask for identification.

84. Defendants deny paragraph 84.

85. Defendants deny paragraph 85.

86. Defendants deny paragraph 86.

## ADDITIONAL DEFENSES/AFFIRMATIVE DEFENSES

1. For further answer and defense, defendant St. Louis County states that plaintiff has failed to state a factual claim against St. Louis County under 42 U. S. C. §1983 upon which relief can be granted for many reasons including but not limited to: The doctrine of respondeat superior does not apply; plaintiff does not assert or identify an official policy or policies of St. Louis County that was allegedly unconstitutional; plaintiff does not allege that a specific unconstitutional policy or policies caused officers to commit unconstitutional acts; plaintiffs do not allege a pattern of unconstitutional acts committed by subordinates followed by deliberate indifference to the longstanding pattern of unconstitutional acts; plaintiff does not allege a pattern of unconstitutional violations by untrained employees; plaintiff does not allege pervasive misconduct of unconstitutional acts that would constitute a custom of usage; instead plaintiff alleges isolated allegations of misconduct by individuals during recent times but even those allegations are conclusory and/or not supported factually, and then plaintiff makes threadbare recitals of causes of action against St. Louis County supported only by his conclusory statements.

2. For further answer and defense, Defendants state that plaintiff seems to have made an allegation of failure to train but if so has failed to state a claim under 42 U.S.C. §1983

upon which relief can be granted because negligence in training is insufficient to impose liability. Inadequate training can only rise to the level of a constitutional violation where it amounts to deliberate indifference which obviously leads to constitutional violations.

3. Regarding state law claims, plaintiff has failed to state a claim against St. Louis County under Missouri law by the doctrine of sovereign immunity, pursuant to §537.600 R. S. Mo, because under state law there are only two exceptions to immunity, vehicular accidents and dangerous condition of property, but plaintiff has not alleged this.

4. For further answer and defense, St. Louis County provides notice that it intends to rely upon and obtain the benefits of §537.600 et seq. of the Missouri Revised Statutes.

5. With regard to the alleged false arrest claims, the issue is whether the officer or officers at the time of the arrest reasonably thought that there was probable cause to, the officers objectively could have thought there was probable cause because plaintiff obstructed vehicular traffic and continued to do so even after being asked to leave the lanes that motor vehicles travel. Further not only was there probable cause and reasonable suspicion to issue a Missouri Uniform Citation, once plaintiff identified himself there was a warrant for his arrest from another jurisdiction.

6. For further answer and defense as to the claims filed against the individual defendants under 42 U. S. C. § 1983, defendants state that they are protected by the doctrine of Qualified Immunity because the action of asking someone to remove himself and his bicycle from a roadway who was obstructing traffic, and then when he refused to do so, to issue a Missouri Uniform Citation, and further to act upon a warrant issued against plaintiff from another jurisdiction were objectively reasonable under the particular

circumstances, and their actions did not violate any clearly established constitutional or statutory rights of which the defendants should have known.

7. For further answer and defense all individual defendants state that they are protected under state law under the doctrine of official immunity for all state law claims because the police officers made a judgment or judgments when plaintiff was obstructing traffic, and that under Missouri law officials, including police officers, making judgments that require discretion and reason are protected from liability by the doctrine of official immunity.

8. For further answer and defense defendants state plaintiff has failed to state a claim under Missouri Law for Malicious Prosecution because first such claims are not favored under Missouri Law because public policy suggests that prosecution of criminal activity should be encouraged, but further there was a lack of malice, and further a dismissal of charges under Missouri law may not infer want of probable cause

9. As further affirmative defense for the claim of malicious prosecution defendants state there was probable cause.

10. For further answer and defense defendants state plaintiff has failed to state a claim for abuse of process because under Missouri law because under Missouri law an abuse of process does involve a bad motive as plaintiff alleges, but rather if the defendant's use of legal process was within his legal rights then an abuse of process action does not lie.

11. For further answer and defense defendants state plaintiff has failed to state a claim for conspiracy under Missouri law including but not limited to the fact that plaintiff has failed to plead pecuniary damages because damages are an intrinsic element of this cause of action.

12. Governmental agencies such as St. Louis County are immune from punitive damages under 42 U. S. C. §1983. See *City of Newport v. Fact Concerts, Inc.* 453 U. S. 247, 271 (1981).

13. Governmental agencies such as St. Louis County are immune from punitive damages under state law. See §537.610.3 R. S. MO; See also *Chappell v. City of Springfield*, 423 S. W. 2d 810, (Mo 1986).

14. Plaintiffs have not stated a claim for punitive damages upon which relief can be granted against individuals because they have not alleged an evil motive or intent or outrageous or malicious conduct on the part of the individual defendants.

15. For further answer, defendants request bifurcation of punitive damage claims pursuant to Rule 42 (b) FRCP.

16. For further answer and defense defendants state that punitive damages violate the equal protection afforded by the Fourteenth Amendment of the Constitution of the United States, and Article I, §§ 10, 18 (a) and 19 of the Missouri Constitution.

17. Defendants request to be granted a right to file additional affirmative defenses as the evidence

**WHEREFORE**, having fully answered Defendants and St. Louis County move this Court to enter judgment in their favor at plaintiff's costs and for such other relief that the Court deems just under the circumstances.

PETER J. KRANE
COUNTY COUNSELOR

/s/ Michael E. Hughes
Michael E. Hughes     #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
41 So. Central Avenue, 9th Floor
Clayton, MO. 63105
314-615-7009; Fax 314-615-3732
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record this 30th day of October, 2015

/s/   Michael E. Hughes