IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID J. WHITT,                      )
                                     )
         Plaintiff,                  )    **JURY TRIAL DEMANDED**
                                     )
v.                                   )
                                     )    Case No: 4:15-cv-1317-CEJ
                                     )
                                     )
ST. LOUIS COUNTY, et.al.;            )
                                     )
                                     )
         Defendants.                 )

### ANSWER OF DEFENDANTS ST. LOUIS COUNTY, CRAIG HIGGINBOTHAM, BRIAN MCCOY, CHRIS SLUSSER, AND LENELL ANDERSON TO PLAINTIFFS' FIRST AMENDED COMPLAINT (Doc # 20)

COME NOW Defendants St. Louis County, Craig Higginbotham, Brian McCoy, Chris Slusser and Lenell Anderson, and for their answer to Plaintiff's First Amended Complaint ( answering Doc # 20) deny everything not specifically admitted and in particular state as follows:

1. Paragraph 1 is not a short statement of alleged facts but rather is a combination of alleged facts as well as argument that seems to summarize what plaintiff purports to be a cause of action. Note that in paragraph 1, sentences 4 and 5 plaintiff alleges that he was recording police who then approached him and detained him for recording them.  It is denied that the police detained plaintiff for recording them but defendants are noting these sentences at this time because plaintiff is contradicting what he later alleges, where, for example, in paragraph 15 plaintiff alleges that he biked up the driveway and then officers immediately approached him.   As to a primary issue in this lawsuit, defendants assert that there was arguable probable cause to give plaintiff a citation, who created a situation

1

by stopping his bicycle in the area where motor vehicles travel, blocking this area or otherwise making it difficult for vehicles to travel in or around the lane, and then, when plaintiff was asked what he was doing in the lane and to move, he simply would not do so. It is telling that plaintiff in paragraph 1 and elsewhere refers to his act of placing his bicycle in the roadway as a "parking violation," because he was not given a parking ticket, but rather a Missouri Uniform Citation, and so plaintiff's allegation is misleading. As to the specific statements in paragraph 1 defendants have insufficient knowledge of, and therefore deny the following allegations: that plaintiff was a member of what plaintiff calls "Cop Watch," or what the purpose of this alleged organized group is, or when plaintiff first became a member of the group; where plaintiff resides; what plaintiff's custom is. Defendants deny that they detained plaintiff "for recording them;" and deny that there was no probable cause to cite plaintiff and to conduct a search, and deny that plaintiff was charged with illegal parking not supported by probable cause. To whatever extent defendants have not yet answered any other alleged fact in paragraph 1 then those are also denied.

2. In answer to paragraph 2, defendants admit only that this is a civil action, and that plaintiff has attempted to allege violations of the First, Fourth and Fourteenth Amendments, as well as state law claims, but defendants deny that constitutional violations were committed, and defendants deny that common law torts were committed.

3. Defendants have no personal knowledge of plaintiff's residence and therefore deny paragraph 3 at this time.

4. In answer to paragraph 4 defendants remark that it is telling that as early as paragraph 4 that plaintiff states that he is Black, apparently for no reason other than to make race an

issue in an attempt to bolster a weak case. In answer to paragraph 4 defendants admit that plaintiff was a 35 year old Black Man on November 24, 2014, but state further that one of the police officers that plaintiff is suing is also a Black Man, and at least one of the officers is a member of a multi-racial family.

5. Defendants admit paragraph 5.

6. In answer to paragraph 6 Defendant St. Louis County states only that it is a Charter County of the State of Missouri and that it exists pursuant to Missouri law.

7. Paragraph 7 has multiple allegations. It is admitted that Craig Higginbotham is a sworn police officer certified by the State of Missouri and is a Sergeant of the St. Louis County Police Department. It is admitted that as a police officer his actions are under color of law. That his actions were done "jointly and in concert" with others is conclusory and also is vague and speculative as to what is meant by that, and so that portion of paragraph 7 is denied at this time. The allegation that plaintiff wishes to sue Sgt. Higginbotham in his individual capacity is informational and does not need to be admitted or denied.

8. Paragraph 8 has multiple allegations. It is admitted that Brian McCoy is a sworn police officer, certified by the State of Missouri and is an officer of the St. Louis County Police Department. It is admitted that as a police officer his actions are under color of law. That his actions were done "jointly and in concert" with others is conclusory and also is vague and speculative as to what is meant by that, and so that portion of paragraph 8 is denied at this time. The allegation that plaintiff wishes to sue Officer McCoy in his individual capacity is informational and does not need to be admitted or denied.

9. Paragraph 9 has multiple allegations. It is admitted that Chris Slusser is a sworn police officer, certified by the State of Missouri and is an officer of the St. Louis County Police

Department. It is admitted that as a police officer his actions are under color of law. That his actions were done "jointly and in concert" with others is conclusory and also is vague and speculative as to what is meant by that, and so that portion of paragraph 9 is denied at this time. The allegation that plaintiff wishes to sue Officer Slusser in his individual capacity is informational and does not need to be admitted or denied.

10. Paragraph 10 has multiple allegations. It is admitted that Lenell Anderson is a sworn police officer, certified by the State of Missouri and is an officer of the St. Louis County Police Department. It is admitted that as a police officer his actions are under color of law. That his actions were done "jointly and in concert" with others is conclusory and also is vague and speculative as to what is meant and so that is denied at this time. The allegation that plaintiff wishes to sue Officer Anderson in his individual capacity is informational and does not need to be admitted or denied.

11. Defendants admit that this Court has jurisdiction and has supplemental jurisdiction, and defendants admit that venue is appropriate.

12. In answer to paragraph 12 Defendants admit on the morning of November 24, 2014 that plaintiff was at or near 8007 West Florissant Ave, Jennings, Missouri, but defendants have no knowledge of the other allegations in paragraph 12, and therefore deny same at this time.

13. These defendants do not know what plaintiff's habits are, nor do they know what group or groups that he is a member of, and therefore deny paragraph 13 at this time.

14. With regard to arguable probable cause there is no relevance that plaintiff was wearing a hat that covered his ears, nor is it unusual that someone's face "was visible," but it is unusual to have a photo of a plaintiff placed within a paragraph of a pleading.

4

Defendants remark that this is again telling, where just as in paragraph 4 plaintiff seems to be attempting to make race an issue, apparently to disguise the issue that will determine this case. Defendants move to strike paragraph 14 as argumentative.

15. In answer to paragraph 15 defendants admit that they encountered plaintiff about 9:00 a.m., but the remainder of paragraph 15 is denied because it seems to suggest that plaintiff was moving on his bicycle and while he was moving on his bicycle, he was then stopped by police officers. Defendants note that plaintiff's allegation contained in paragraph 15 is contradicted by his own remark in paragraph 1 that he was approached by the police for recording them.

16. Defendants deny paragraph 16.

17. Defendants deny paragraph 17

18. Paragraph 18 presents a negative and is argumentative and further suggests that plaintiff was pulled over by police for riding a bicycle without a helmet which is denied. Defendants state that the reason for plaintiff's encounter with the police is reflected in wording of the uniform citation given to plaintiff which was "bicyclist parked upon roadway and obstructed vehicle traffic." Plaintiff was only arrested after it was discovered that there was a warrant for his arrest from another jurisdiction for disorderly conduct.

19. Defendants deny paragraph 19.

20. Defendants deny paragraph 20.

21. Defendants deny paragraph 21.

22. Defendants deny paragraph 22.

23. Defendants deny paragraph 23.

24. In answer to paragraph 24 defendants deny that plaintiff was given a parking ticket because plaintiff received a Missouri Uniform Citation for bicyclist parked in a roadway and obstructed vehicle traffic.

25. Defendants deny paragraph 25.

**COUNT I CLAIM UNDER 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS**

26. Defendants incorporate their responses to paragraphs 1 through 25 as though fully set out herein.

27. Defendants deny paragraph 27.

28. Defendants deny paragraph 28 including all of its subsections.

29. In answer to paragraph 29 all defendants deny that an unlawful search occurred.

30. Defendants deny paragraph 30

31. Defendants deny paragraph 31.

32. Defendants deny paragraph 32.

33. Defendants deny that plaintiff is entitled to prevail.

**COUNT II CLAIM UNDER 42 U.S.C.§1983 AGAINST INDIVIDUAL DEFENDANTS.**

34. Defendants incorporate by reference their responses to paragraphs 1 through 33 as though fully set out herein.

35. Defendants note that plaintiff in paragraph 35 plaintiff contradicts his allegation in paragraph 15 that he "biked up the driveway toward the store" when officers "immediately approached him and asked his purpose," and he responded that he was "headed to the store," because now in paragraph 35 plaintiff is alleging that he was engaged in lawful First Amendment Activities when he observed and recorded Defendants performing their public duties in public." In answer to paragraph 35,

defendants state that they cannot say that plaintiff was recording anything, but if he was, these defendants are aware of the First Amendment, and these defendants have been trained on the First Amendment, and these defendants support the First Amendment, but defendants deny any implication of paragraph 35 that defendants would not allow plaintiff to engage in lawful First Amendment activities.

36. Defendants deny paragraph 36 because plaintiff was not given a "parking" ticket, and also because the citation that he was given was not for exercising his rights, but rather was for obstructing vehicle traffic.

37. Defendants deny paragraph 37.

38. Defendants deny paragraph 38.  Defendants further deny that plaintiff was given a "parking" ticket.

39. Paragraph 39 is merely a conclusory legal argument of plaintiff's attorneys and because it is framed as a legal argument it is denied.

40. Defendants deny paragraph 40.

41. Defendants deny paragraph 41.

42. Defendants deny that plaintiff is entitled to prevail.

**COUNT III  AGAINST ST. LOUIS COUNTY UNDER 42 U.S.C. §1983**

43. Defendant St. Louis County incorporates its responses to paragraphs 1 through 42 as though fully set out herein.

44. In answer to paragraph 44, defendant St. Louis County admits that law enforcement officers of the St. Louis County Police Department are employees of St. Louis County. Calling the police department "an arm" is vague and speculative as to its meaning, and seems to be argumentative, and for that reason that portion of paragraph 44 is denied.

45. Defendants deny paragraph 45.

46. Defendants deny paragraph 46.

47. Defendants deny paragraph 47.

48. Paragraph 48 is argument and should be stricken. Essentially paragraph 48 argues that when people block vehicular traffic, that they then ought be charged with a state charge, (presumably plaintiff is alleging that that a state misdemeanor is more appropriate than an Ordinance violation, and plaintiff seems to argue that because people are charged with Ordinance violations instead of state misdemeanors, that it is an unconstitutional policy, custom and usage. This argument of plaintiff is denied.

49. Defendants deny paragraph 49.

50. Defendants deny paragraph 50.

51. Defendants deny paragraph 51.

52. Paragraph 52 is misleading and irrelevant. Defendants first note that plaintiff does not allege that he is a journalist, but alleges that three journalists were arrested, (even though they were arrested with probable cause). For further answer to paragraph 52 defendants deny that St. Louis County police officers arrest people because they are journalists. Paragraph 52 is further denied because it seems to argue that where there is probable cause or arguable probable cause for a lawful arrest, that the person should not be arrested if it is learned that the person who committed the offense is a journalist.

53. Paragraph 53 is denied because it also seems to allege that where there was probable cause or arguable probable cause for a lawful arrest that the person should not be arrested if he calls himself a legal observer. It is noted that plaintiff makes many allegations, but does not allege that he is or was a legal observer. For further answer paragraph 53 is

8

denied because plaintiff is apparently referring to a case that was filed by the plaintiff's own attorneys, where plaintiff's attorneys represent a different plaintiff was actually present on the Interstate during a shutdown of Interstate 70, and remained on Interstate 70 even after numerous requests by the State Highway Patrol and other law enforcement were made to leave, but in that lawsuit plaintiff's attorneys alleged that because their client was wearing a green hat supplied by the National Lawyers Guild, that the other plaintiff should not have been arrested along, with the other persons who also did not leave the interstate after numerous requests were made for all to leave.

54. Paragraph 54 seems to repeat an earlier allegation, but in answer to paragraph 54 defendants do not have knowledge that plaintiff "documented police activity" but if that is what plaintiff wished to do, he would be permitted to document police activity, as others have done, if plaintiff simply went on a grassy area or sidewalk, or some other area where plaintiff would not be obstructing vehicular traffic.

55. Plaintiff is presenting argument in paragraph 55 by saying that giving a Missouri Uniform Citation to someone when there is arguable probable cause to do so is taking "an adverse action against" plaintiff, and so that portion of Paragraph 55 is denied because it is argument. The rest of paragraph 55 is also denied.

56. Paragraph 56 is a legal argument and is denied for that reason. If paragraph 56 is to be interpreted as an allegation of fact then it is denied.

57. Paragraph 57 is denied.

58. Paragraph 58 is difficult to understand, but said paragraph seems to be nothing more than argument of counsel, and is therefore denied. To the extent that paragraph 58 could be

considered to be a statement of fact defendants deny that they cite people, including plaintiff, for "simply standing in, walking across, or riding bicycles in parking lots."

59. Defendants deny paragraph 59.

60. Defendants deny paragraph 60.

61. Defendants deny that plaintiff is entitled to prevail.

## COUNT IV CLAIM UNDER 42 U.S.C. § 1983 BASED ON RESPONDEAT SUPERIOR

62. Defendant St. Louis County incorporates by reference the allegations of paragraphs 1 through 61 as though fully set out herein.

63. Defendant St. Louis County denies paragraph 63.

64. In paragraph 64 plaintiff acknowledges that plaintiff is not stating a claim for relief under 42 U. S. C. § 1983 under the doctrine of respondeat superior, but is making the claim anyway because of a dissenting opinion in 1997 and in 1985. So in answer to paragraph 64, defendant St. Louis County admits that respondeat superior is not a basis for liability against a governmental agency. In fact it is well established that a municipality cannot be held liable on a respondeat superior theory that is solely because it employs a tort-feasor. See *Szabla v. City of Brooklyn Park, Minn.*, 486 F. 3d 385, 389 (8th Cir. 2007) citing *Monell v. Dep't of Soc. Services of New York*, 436 U. S. 658, 690-91 (1978).

65. Defendant denies paragraph 65.

66. Defendant denies paragraph 66.

## COUNT V MALICIOUS PROSECUTION AGAINST ST. LOUIS COUNTY AND BRIAN MCCOY

67. Defendants incorporate by reference their responses to paragraphs 1 through 66 as though fully set out herein.

68. Defendants deny paragraph 68. As explanation plaintiff was not issued a "parking" ticket. As further explanation it is denied that plaintiff was issued a Missouri Uniform citation in order "to initiate a municipal court proceeding against Whitt" but rather a Missouri Uniform citation was issued because there was probable cause or arguable probable cause that plaintiff had committed a municipal violation because plaintiff had placed his bicycle in a roadway and obstructed traffic even after being asked to remove the bicycle from the roadway.

69. Paragraph 69 is denied. As explanation plaintiff's attorneys have disclosed, and therefore they are in possession of, the Missouri Uniform Citation that was issued to plaintiff that reads "bicyclist parked upon roadway and obstructed vehicle traffic" but nonetheless plaintiff, in a misleading fashion, keeps describing it as a parking violation, rather than a citation for obstructing vehicle traffic.

70. In answer to paragraph 70 defendant Brian McCoy has no knowledge what happened to the citation that was issued properly and with arguable probable cause. Defendant St. Louis County admits that after communication with Sarah Molina an assistant county counselor entered a nolle prosequi but defendant denies that this was done because of a lack of probable cause for the initial citation.

71. Defendants deny paragraph 71.

72. Defendants deny paragraph 72

73. Defendants deny paragraph 73.

74. Defendants deny paragraph 74,

75. Defendants deny paragraph 75.

## COUNT VI CLAIM AGAINST MCCOY AND ANDERSON, ABUSE OF PROCESS

76. Defendants McCoy and Anderson incorporate their responses to paragraphs 1 through 75 as though fully set out herein.

77. Defendants deny paragraph 77.

78. Defendants deny paragraph 78.

79. Defendants deny paragraph 79.

80. Defendants deny paragraph 80.

## COUNT VII COMMON LAW CONSPIRACY AGAINST INDIVIDUAL All INDIVIDUAL DEFENDANTS

81. Defendants incorporate their responses to paragraphs 1 through 80 as though fully set out herein.

82. Defendants deny paragraph 82.

83. In answer to paragraph 83 defendants do not admit that plaintiff was informed that he would be cited for a helmet violation, but the point to be made here is telling any individual what the charge will be is not a conspiracy, and asking for identification is not a conspiracy, so paragraph 83 does not state a claim for conspiracy.

84. Defendants deny paragraph 84.

85. Defendants deny paragraph 85.

86. Defendants deny paragraph 86.

## ADDITIONAL DEFENSES/AFFIRMATIVE DEFENSES

1. For further answer and defense, defendant St. Louis County states that plaintiff has failed to state a factual claim against St. Louis County under 42 U. S. C. §1983 upon which

relief can be granted for many reasons including but not limited to: The doctrine of respondeat superior does not apply; plaintiff does not assert or identify an official policy or policies of St. Louis County that was allegedly unconstitutional; plaintiff does not allege that a specific unconstitutional policy or policies caused officers to commit unconstitutional acts; plaintiffs do not allege a pattern of unconstitutional acts committed by subordinates followed by deliberate indifference to the longstanding pattern of unconstitutional acts; plaintiff does not allege a pattern of unconstitutional violations by untrained employees; plaintiff does not allege pervasive misconduct of unconstitutional acts that would constitute a custom of usage; instead plaintiff alleges isolated allegations of misconduct by individuals during recent times but even those allegations are conclusory and/or not supported factually, and then plaintiff makes threadbare recitals of causes of action against St. Louis County supported only by his conclusory statements.

2. For further answer and defense, Defendants state that plaintiff seems to have made an allegation of failure to train, but if that is plaintiff's intent, plaintiff has failed to state a claim under 42 U.S.C. §1983 upon which relief can be granted because negligence in training is insufficient to impose liability. Inadequate training can only rise to the level of a constitutional violation where it amounts to deliberate indifference which obviously leads to constitutional violations.

3. Regarding state law claims, plaintiff has failed to state a claim against St. Louis County under Missouri law because governmental agencies are protected by the doctrine of sovereign immunity, pursuant to §537.600 R. S. Mo, except for two statutory exceptions to immunity, vehicular accidents and dangerous condition of property, but plaintiff has not alleged either exception.

4. For further answer and defense, St. Louis County provides notice that it intends to rely upon and obtain the benefits of §537.600 et seq. of the Missouri Revised Statutes.

5. With regard to the alleged false arrest claims, the issue is whether the officer or officers at the time of the arrest reasonably thought that there was probable cause to issue a citation, and/or then to arrest plaintiff because of discovery of an outstanding warrant; the officers objectively could have thought there was probable cause or arguable probable cause because plaintiff obstructed vehicular traffic. Further not only was there probable cause, or arguable probable cause, or reasonable suspicion to issue a Missouri Uniform Citation, once plaintiff identified himself there was also a warrant for his arrest from another jurisdiction.

6. For further answer and defense to the claims filed against the individual defendants under 42 U. S. C. § 1983, defendants state that they are protected by the doctrine of Qualified Immunity because the action of asking someone to remove himself and his bicycle from a roadway who was obstructing traffic, but who refused to do so, and then to issue a Missouri Uniform Citation, and further to act upon a warrant that had already been issued against plaintiff from another jurisdiction, were all objectively reasonable acts under the particular circumstances, and their actions did not violate any clearly established constitutional or statutory rights of which the defendants should have known.

7. For further answer and defense all individual defendants state that they are protected under state law under the doctrine of official immunity for all state law claims because the police officers made a judgment or judgments when plaintiff was obstructing traffic, and that under Missouri law officials, including police officers, making judgments that

require discretion and reason are protected from liability by the doctrine of official immunity.

8. For further answer and defense defendants state plaintiff has failed to state a claim under Missouri Law for Malicious Prosecution because such claims are not favored under Missouri Law, because public policy suggests that prosecution of criminal activity should be encouraged, and also because there was a lack of malice, and further a dismissal of charges under Missouri law may not infer want of probable cause

9. As further affirmative defense for the claim of malicious prosecution defendants state that there was probable cause and there was arguable probable cause.

10. For further answer and defense defendants state plaintiff has failed to state a claim for abuse of process because under Missouri law a person is not liable for an alleged abuse of process if the person has done nothing more than pursue a case to its authorized conclusion. Further, while absolutely denying that there was an "evil motive" it is irrelevant in an abuse of process claim if a person does have an "evil motive." If the defendant's use of legal process was within his legal rights, then an abuse of process action does not lie.

11. For further answer and defense, defendants state plaintiff has failed to state a claim for conspiracy under Missouri law including but not limited to the fact that plaintiff has failed to plead pecuniary damages, because damages are an intrinsic element of this cause of action.

12. Governmental agencies such as St. Louis County are immune from punitive damages under 42 U. S. C. §1983. See *City of Newport v. Fact Concerts, Inc.* 453 U. S. 247, 271 (1981).

13. Governmental agencies such as St. Louis County are immune from punitive damages under state law. See §537.610.3 R. S. MO; See also *Chappell v. City of Springfield*, 423 S. W. 2d 810, (Mo 1986).

14. Plaintiffs have not stated a claim for punitive damages upon which relief can be granted against individuals because they have not alleged an evil motive or intent or outrageous or malicious conduct on the part of the individual defendants.

15. For further answer, defendants request bifurcation of punitive damage claims pursuant to Rule 42 (b) FRCP.

16. For further answer and defense defendants state that punitive damages violate the equal protection afforded by the Fourteenth Amendment of the Constitution of the United States, and Article I, §§ 10, 18 (a) and 19 of the Missouri Constitution.

17. Defendants request to be granted a right to file additional affirmative defenses as the evidence

**WHEREFORE**, having fully answered Defendants St. Louis County, Craig Higginbotham, Brian McCoy, Chris Slusser and Lenell Anderson move this Court to enter judgment in their favor at plaintiff's costs, and for such other relief that the Court deems just under the circumstances.

PETER J. KRANE
COUNTY COUNSELOR

/s/ Michael E. Hughes
Michael E. Hughes    #23360MO
Associate County Counsel
Mhughes2@stlouisco.com
41 So. Central Avenue, 9th Floor
Clayton, MO. 63105
314-615-7009; Fax 314-615-3732
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record this 11th day of December, 2015

/s/  Michael E. Hughes